# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

MICHAEL A. RIVERA,           :
                                   :
          Plaintiff,         :
                                   :
         v.                 : Civ. No. 20-1758-LPS
                                   :
NEW CASTLE COUNTY PD, et al.,  :
                                   :
         Defendants.     :

---

Michael A. Rivera, Howard R. Young Correctional Institution, Wilmington, Delaware.   Pro Se Plaintiff.

## MEMORANDUM OPINION

August 16, 2021
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I.   INTRODUCTION

Plaintiff Michael A. Rivera ("Rivera"), an inmate at Howard R. Young Correctional Institution in Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1]   (D.I. 2)   He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## I.   THE COMPLAINT

The New Castle County Police Department is named as a defendant in the caption of the case as well as unknown Detective, Officers, and Turnkey Officers.   Plaintiff's claims concern a December 26, 2018 vehicle stop, search, excessive force, and arrest without probable cause.   The charges were nolle processed.   Plaintiff seeks compensatory and punitive damages.

## II.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).   The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro*

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.   *See West v. Atkins*, 487 U.S. 42, 48 (1988).

*se* plaintiff.   *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551

U.S. 89, 93 (2007).   Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the

Complaint and Supplement (D.I. 2, 8), "however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers."   *Erickson*, 551 U.S. at 94 (citations omitted).

      A complaint is not automatically frivolous because it fails to state a claim.   *See Dooley v.*

*Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d

Cir. 2002).   "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal

theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'"   *Dooley v. Wetzel*, 957

F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

      The legal standard for dismissing a complaint for failure to state a claim pursuant to

§ 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule

12(b)(6) motions.   *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R.

Civ. P. 12(b)(6) standard to dismissal for failure to state claim under § 1915(e)(2)(B)).   However,

before dismissing a complaint or claims for failure to state a claim upon which relief may be granted

pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a

plaintiff leave to amend unless amendment would be inequitable or futile.   *See Grayson v. Mayview*

*State Hosp.*, 293 F.3d at 114.

      A complaint may be dismissed only if, accepting the well-pleaded allegations in the

complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes

that those allegations "could not raise a claim of entitlement to relief."   *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 558 (2007).   Though "detailed factual allegations" are not required, a complaint must

do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of

a cause of action."   *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal

quotation marks omitted).   In addition, a complaint must contain sufficient factual matter, accepted

as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.   DISCUSSION

The New Castle County Police Department is named as a defendant. A municipality may only be held liable under § 1983 when the "execution of a government's policy or custom . . . inflicts the injury." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). A government policy is established by a "decisionmaker possessing final authority," while a custom arises from a "course of conduct . . . so permanent and well settled as to virtually constitute law." *Andrews*, 895 F.2d at 1480 (citing *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)). Accordingly, a plaintiff seeking to recover from a municipality must (1) identify an allegedly unconstitutional policy or custom, (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and

4

(3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights.   *Board of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

Plaintiff has not pled that the New Castle County Police Department was the "moving force" behind any alleged constitutional violation.   Indeed, the complaint contains no allegations against the New Castle County Police Department.   Absent any allegation that a custom or policy established by the New Castle County Police Department directly caused harm to Plaintiff, his § 1983 claim cannot stand.   The claim against the New Castle County Police Department is legally frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

The Complaint also alleges what appear to be cognizable Fourth Amendment and excessive force claims against the Doe Defendants.   *Sua sponte* dismissal of the New Castle County Police Department would make it very difficult or impossible for Plaintiff to discover the identity of the Doe Defendants.   Therefore, in the interests of justice, the Court will direct service upon the New Castle County Police Department for the sole purpose of identifying the Doe Defendants, as described by Plaintiff.   *See Borges v. Administrator for Strong Mem'l Hosp.*, 2002 WL 31194558, at *1 n.1 (W.D.N.Y. Sept. 30, 2002); *see also Searcy v. Dallas Police Dep't*, 2001 WL 611169 (N.D. Tex. May 31, 2001) (plaintiff sued two unnamed City of Dallas police officers, claiming excessive force; court ordered that service be completed on defendants through City of Dallas Police Department).

IV.    **CONCLUSION**

For the above stated reasons, Plaintiff may proceed with his claims against the Doe Defendants.   The Court will direct service upon the New Castle County Police Department for the purpose of identifying the Doe Defendants.

A separate order shall issue.

5