## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL A. RIVERA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : Civ. No. 20-1758-GBW | |
| | : | |
| NEW CASTLE COUNTY PD, et al., | : | |
| | : | |
| Defendants. | : | |

Michael A. Rivera, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Daniel A. Griffith, Whiteford Taylor Preston LLC, Wilmington, Delaware. Counsel for Defendants.

## **MEMORANDUM OPINION**

March 28 , 2023
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I.    INTRODUCTION

Plaintiff Michael A. Rivera, an inmate confined at the James T. Vaughn

Correctional Center Institution filed this action pursuant to 42 U.S.C. § 1983.  (D.I.

2, 8).  He appears *pro se* and has been granted leave to proceed *in forma pauperis*.

(D.I. 6).  Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P.

12(b)(6).  (D.I. 33).  The matter is fully briefed.  Plaintiff has also requested

appointed counsel.  (D.I. 40).

## II.    BACKGROUND

The Complaint was docketed on December 23, 2020.  (D.I. 2).  In the

Complaint,[1] Plaintiff named as Defendants the New Castle County Police

Department ("NCCPD") and several John Doe Defendant NCCPD police officers.

(*Id.*).  Plaintiff asserted constitutional claims under § 1983 for illegal search and

seizure and excessive force following a December 26, 2018 traffic stop during

which Plaintiff and the passenger in his car were arrested.  (D.I. 2, 8).  Plaintiff was

charged with several drug and traffic offenses, but the charges were later *nolle*

*prossed*.  (D.I. 8).  For relief, Plaintiff requested damages, and declaratory relief.

(D.I. 2 at 4).

---

[1] Plaintiff filed an addendum to the Complaint.  (D.I. 8).  References herein to "the
Complaint," refer to both the Complaint and the addendum.

On August 16, 2021, the Court screened the Complaint and supplement pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). (D.I. 9). The Court dismissed the claims against the NCCPD, identified what appeared to be cognizable and non-frivolous Fourth Amendment and excessive force claims against the Doe Defendants, and entered a service order upon the NCCPD for the sole purpose of identifying the Doe Defendants. (D.I. 9, 10).

On November 12, 2021, the NCCPD filed a notice identifying the Doe Defendants as Corporal Andrew Rosaio ("Rosaio"), Officer Joseph Mihalyi ("Mihalyi"), Master Corporal Silvio Martin ("Martin"), Sergeant Bradley Landis ("Landis") and Officer Kenneth Guarino ("Guarino"). (D.I. 15). By Order issued on December 28, 2021, the caption of the Complaint was amended, and Plaintiff was directed to return U.S. Marshal-285 forms for each Defendant so that the United States Marshal could serve them. (D.I. 17). On March 3, 2022, counsel for Defendants entered an appearance. (D.I. 21). Defendants now move to dismiss the Complaint as time-barred and for failure to state a claim. (D.I. 33, 34). Plaintiff opposes dismissal. (D.I. 35).

## III. LEGAL STANDARD

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his

Complaint, "however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded

allegations in the complaint as true and viewing them in the light most favorable to

the complainant, a court concludes that those allegations "could not raise a claim

of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more

than simply provide 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236,

241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required

to credit bald assertions or legal conclusions improperly alleged in the complaint."

*In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A

complaint may not be dismissed, however, "for imperfect statement of the legal

theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11

(2014).

A complainant must plead facts sufficient to show that a claim has

"substantive plausibility." *Id.* at 12. That plausibility must be found on the face of

the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial

plausibility when the [complainant] pleads factual content that allows the court to

3

draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## IV.   DISCUSSION

Defendants argue that Plaintiff's claims are time-barred by the statute of limitations. For purposes of the statute of limitations, 42 U.S.C. § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Accordingly, that statute of limitations of Plaintiff's claims ran until December 26, 2020. His Complaint was timely as it was docketed on December 23, 2020. Defendants, however, were not named therein; John Doe Defendants were named.

"The naming of a John Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant." *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003) (citing *Talbert v. Kelly*, 799 F.2d 62, 66 n.1 (3d Cir. 1986)). Accordingly, the claims against Defendants are time-barred unless Plaintiff can meet the requirements of Fed. R. Civ. P. 15(c), which allows amendments—in this case the amendment of the case caption to replace the Doe Defendants with the named

4

Defendants—to "relate back" to the filing date of the original complaint. *See Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 200-01 (3d Cir. 2001); *Nelson v. Cnty. of Allegheny*, 60 F.3d 1010, 1014-15 & n.6 (3d Cir. 1995); *see also Garvin*, 354 F.3d at 220 ("Replacing the name John Doe with a party's real name amounts to the changing of a party or the naming of a party under Rule 15(c), and thus the amended complaint will relate back only if the three conditions specified in that rule are satisfied.").

Under Rule 15(c)(1)(C), an amendment that changes the party or the naming of the party in an action relates back to the original pleading only if a plaintiff can show: (1) the claim set forth in the amended pleading arose out of the conduct, transaction, or occurrence in the original pleading; (2) within 90 days of the filing of the complaint, the parties to be brought in by amendment received notice of the institution of the suit and would not be prejudiced in maintaining a defense; and (3) the new parties knew or should have known that, but for a mistake concerning their identities, they would have been made parties to the action. *See Garvin*, 354 F.3d at 222.[2]  Because this rule is conjunctive, Plaintiff must prove each of the three factors. *Singletary*, 266 F.3d at 194

---

[2] Prior to a 2015 amendment to Fed. R. 4(m), parties to be brought in by amendment had 120 days to receive notice.  *See* Fed. R. Civ. P. 4 advisory committee's notes (2015 amendment).

Defendants appear to concede, as they must, that the claims set forth in the amended pleading arose out of the conduct, transaction, or occurrence in the original pleading, given that the claims are wholly unaltered. Defendants, however, argue they did not receive notice of the suit within 90 days of filing and that Plaintiff cannot establish a mistake as to their identities that caused him to name them as John Does, because their identities were known to him before he filed the Complaint.

The Court concludes that Defendant did in fact have the requisite notice within 90 days of the filing of the Complaint. Where a plaintiff proceeds *pro se* and *in forma pauperis*, the 90-day period does not begin until the Court has completed its review and screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). *See Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 453-54 (3d Cir. 1996). Here, that process was not completed until the December 28, 2021 Order amending the caption and directing service on Defendants. Given that Defendant's counsel made his initial appearance on March 3, 2022, Defendant had notice within 90 days.

In support of their argument that Plaintiff cannot claim mistaken identity because he knew Defendants' identities prior to filing suit, Defendants ask the Court to take judicial notice of four documents. Those documents are as follows. First, a complaint Plaintiff filed with NCCPD on December 27, 2018, the day after

6

his arrest, in which he identified Defendants Mihalyi, Martin, and an unknown individual as participating in his arrest ("Citizen Complaint").  (D.I. 33-2 at 2).[3] Plaintiff referenced the Citizen Complaint in his Complaint in this action.  (D.I. 2 at 3).  Next are two Exoneration Letters from NCCPD, which found no wrongdoing on the part of Mihalyi, Martin, and Rosaio (identified in an Exoneration Letter as the unknown participant referenced in the Citizen Complaint) (D.I. 33-3 at 2; D.I. 33-4 at 2).  The Exoneration letters were undated, but Plaintiff clearly received them before filing his Complaint in this action, as evidenced by the fact that he referenced them in the Complaint.  (D.I. 2 at 3). Finally, Plaintiff provides the transcript from the preliminary hearing in Plaintiff's state court criminal proceedings, during which Mihalyi identified Defendants Landis and Guarino as the officers who arrested Plaintiff's passenger.  (D.I. 33-5 at 16).

The Court takes judicial notice of the above-referenced documents.  *See Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) (concluding that judicial notice of the transcript of a preliminary hearing was proper because it was a public document and had a bearing on the controversy); *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, [courts] may

---

[3] In the Citizen Complaint, Plaintiff misspelled Mihalyi's name as "Mahalley." (D.I. 33-2 at 2).

7

consider documents that are attached to or submitted with the complaint, . . . and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'") (quoting 5B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d ed. 2004)).

The Court concludes, based on the Citizen Complaint, Exoneration Letters, and preliminary hearing transcript, that Plaintiff indisputably knew the identities of Defendants when he filed the Complaint and, therefore, the amendment inserting them in place of the John Does did not relate back to the Complaint, thus rendering the claims against these Defendants untimely under the applicable two-year statute of limitations. See *Garvin*, 354 F.3d at 221-22 ("Of course, an amended complaint will not relate back if the plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to sue them at that time."). Accordingly, dismissal is mandatory.

## V.   CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motion to dismiss (D.I. 33); (2) deny Plaintiff's request for appointed counsel (D.I. 40) as moot; and (3) direct the Clerk of Court to close the case.

The Court will issue an Order consistent with this Memorandum Opinion.