**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MICHAEL ANGEL RIVERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-1758 (GBW) |
| | ) | |
| NEW CASTLE COUNTY PD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

## I. BACKGROUND

Plaintiff Michael A. Rivera, an inmate confined at the James T. Vaughn Correctional Center Institution filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2, 8). He appears *pro se* and has been granted leave to proceed in forma pauperis. (D.I. 6).

Defendants Corporal Andrew Rosaio, Officer Joseph Mihalyi, Master Corporal Silvio Martin, Sergeant Bradley Landis and Officer Kenneth Guarino (collectively "Defendants") moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 33). Defendants sought dismissal on two separate and independent grounds: 1) that Plaintiff's claims were time-barred by the statute of limitations; and, 2) that the complaint failed to plead sufficient facts to state a claim against Defendants. *Id.* Plaintiff filed an Answering Brief in Opposition to the Motion to Dismiss and Defendants filed their Reply Brief, thereby completing briefing on the Motion to Dismiss. (D.I. 35, 36).

By Memorandum Opinion and Order dated March 28, 2023, this Court granted the Motion to Dismiss on statute of limitations grounds, without having to address Defendants' alternative argument that the Complaint failed to state a claim against any of the Defendants. (D.I. 42, 43).

After Plaintiff's Motion for Reconsideration of that decision was denied, Plaintiff filed a Notice of Appeal on February 22, 2024. (D.I. 53, 54).

On August 19, 2025, the United States Court of Appeals reversed this Court's Memorandum Opinion and Order concerning the statute of limitations issue and remanded back to this Court. (D.I. 57, Ex. 2). Since this Court's Memorandum Opinion and Order on Defendants' Motion to Dismiss addressed only Defendants' statute of limitations argument, the remaining arguments concerning whether Plaintiff's Complaint plausibly states a claim against the Defendants under Fed. R. Civ. P. 12(b)(6) remain unresolved. (*See* D.I. 58).

After the remand, Plaintiff filed a "Motion for Summary Judgment." (D.I. 60). Defendants responded. (D.I. 61). Although titled "Motion for Summary Judgment", Plaintiff's Motion is based upon Plaintiff's contention that Defendants have not responded to the operative Complaint. Thus, Plaintiff's Motion is actually in the nature of an application for judgment by default.

## II. DISCUSSION

Entry of default judgment is a two-step process. *See* Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the clerk of the court enter the default of the party that has not answered the pleading or "otherwise defend[ed]," within the time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). To date, there has been no entry of default. To the contrary, Defendants have expressed, post remand, an intent to pursue their remaining arguments concerning whether Plaintiff's Complaint plausibly states a claim against the Defendants under Fed. R. Civ. P. 12(b)(6). (*See* D.I. 58. 61). Default judgment is premature and, therefore, Plaintiff's Motion will be denied.

## III. CONCLUSION

NOW THEREFORE, at Wilmington this 10th day of November 2026, having considered Plaintiff's motion for summary judgment (D.I. 60), Defendants' letter response (D.I 61), and for the foregoing reasons,

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (D.I. 60) is DENIED as premature.

2. In light of the remand, Defendants shall have 21 days to answer or otherwise respond to the Complaint, as amended. (D.I. 2, 8, 17).

The Honorable Gregory B. Williams
United States District Judge